**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| LAWAUNA SWAFFORD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-05-3263 |
| § | |
| BANK OF AMERICA CORP. and § | |
| RONDA TURKUS, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

Plaintiff, Lawauna Swafford, sued her former employer, the Bank of America, and her former supervisor, Ronda Turkus, in Texas state court. Swafford alleged that during the six years of her employment as an account executive, she was subjected to age discrimination and harassment amounting to a hostile work environment by her supervisor, Turkus. Swafford alleged that the discrimination and harassment eventually led to her constructive discharge. Swafford asserted claims for age discrimination under the Texas Commission on Human Rights Act, Tex. Lab. Code Ann. § 21.051 (1996), and the common-law tort of intentional infliction of emotional distress. Defendants timely removed to this court. Swafford filed a motion to remand, in which she stated that she is asserting a cause of action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, as well as the claims under Texas state law. Defendants have filed a response, arguing that there is

diversity jurisdiction because Turkus was fraudulently joined in the suit and that Swafford's invocation of the ADEA also provides a basis for federal question jurisdiction.

Based on the pleadings, the motion and response, and the applicable law, this court denies the motion to remand. The reasons are set out below.

**I.    The Applicable Legal Standard**

In *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc), *cert. denied*, 125 S.Ct. 1825 (2005), the Fifth Circuit clarified the legal standard for a motion to remand when removal is based on fraudulent joinder of a nondiverse defendant. A motion to remand is analyzed with reference to the well-pleaded allegations of the complaint, read leniently in favor of remand under a standard similar to Rule 12(b)(6).[1] The doctrine of improper or fraudulent joinder recognizes that a defendant may remove to a federal forum unless an in-state defendant has been "properly joined." There are two ways to establish improper joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).

In *Smallwood*, the court adopted the following test for fraudulent joinder: whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Id.* A "mere theoretical possibility of recovery under local law" will not preclude a finding of improper

---

[1] Although a summary-judgment type of proceeding may be appropriate, defendants did not invoke it in this case.

joinder. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4. (5th Cir. 2000); *Smallwood*, 385 F.3d at 573.

## II.   Analysis

In her motion for remand, Swafford states that she has asserted causes of action for which Turkus may be held liable under the Texas Labor Code and the Texas common-law tort of intentional infliction of emotional distress. Neither provides a basis for recovery against Turkus. Swafford cannot assert TCHRA claims against an individual defendant who is a supervisor, such as Turkus. *See* TEX. LAB. CODE ANN. § 21.051 (1996) (prohibiting discrimination by employer ). Texas federal and state courts have uniformly denied recovery for TCHRA claims against individual supervisors and fellow employees. *See City of Austin v. Gifford*, 824 S.W.2d 735, 742 (Tex. App.–Austin 1992, no writ) ("The [TCHRA] does not create a cause of action against supervisors or individual employees."); *Marabella v. Autonation U.S.A. Corp.*, 88 F. Supp.2d 750, 752 (S.D. Tex. 2000) ("Texas state and federal courts have uniformly held that supervisory personnel are not liable in their individual capacity under the TCHRA").

As to the intentional tort claim, defendants argue that Texas law would not permit any recovery against Turkus on the facts Swafford alleges. In *Hoffman-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004), the Texas Supreme Court reiterated its earlier pronouncement in *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62 (Tex. 1998), that the tort of intentional infliction of emotional distress is "'a "gap-filler" tort that should not be extended to circumvent the limitations placed on the recovery of mental anguish

3

damages under more established tort doctrines.'" *Hoffman-LaRoche*, 144 S.W.3d at 447 (quoting *Standard Fruit*, 985 S.W.2d at 68). Building on the rationale of *Standard Fruit*, the court held that the tort of intentional infliction of emotional distress "should not be extended to thwart legislative limitations on statutory claims for mental anguish and punitive damages." *Id*. The court reasoned that, "[i]n creating the new tort, we never intended that it be used to evade legislatively-imposed limitations on statutory claims or to supplant existing common law remedies." *Id*. The tort is inapplicable when "the 'actor intends to invade some other legally protected interest, even if emotional distress results.'" *Id.* (quoting *Standard Fruit*, 985 S.W.2d at 67) (other internal quotations omitted); *see also* RESTATEMENT (SECOND) OF TORTS § 47 cmt. a (1965). Because the plaintiff in *Hoffman-LaRoche* brought an action for intentional infliction of emotional distress that was not independent of her statutory claim for sexual harassment under the Texas Commission on Human Rights Act, which "provide[d] a remedy for the same emotional damages caused by essentially the same actions, there [was] no remedial gap in th[e] case and thus no support for the award of damages under the intentional-infliction claim." *Hoffman-LaRoche*, 144 S.W.3d at 450. In *Hoffman-LaRoche*, the Texas Supreme Court also held that, to the extent the plaintiff adduced proof of conduct that arguably formed an independent basis for a claim for intentional infliction of emotional distress, the evidence was insufficient to support the jury verdict. *Id.*

In *Hoffman-LaRoche*, the Texas Supreme Court held that "[i]f the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a

plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim." *Id*. at 448. The gravamen of Swafford's claim is age discrimination, and she invokes the same evidence to show discrimination and a hostile work environment that she relies on to show intentional infliction of emotional distress. She cannot circumvent the legislative prohibition against suing an individual supervisor by asserting a claim for intentional infliction of emotional distress.

Even if the "gap filler" basis for precluding relief under an intentional infliction claim was not present, the claim fails on the second basis identified in *Hoffman-LaRoche*. To recover damages for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. Extreme and outrageous conduct is conduct "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (quoting RESTATEMENT (SECOND) OF TORTS § 46). Liability does not extend to insults, indignities, threats, annoyances, or petty oppressions. *GTE Sw, Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex.1999); RESTATEMENT (SECOND) OF TORTS § 46 cmt. d. It is for the court to determine, in the first instance, whether a defendant's conduct was "extreme and outrageous." *GTE Sw, Inc.*, 998 S.W.2d at 616; RESTATEMENT (SECOND) OF TORTS § 46 cmt. h. The facts that Swafford alleges, taken in the light most favorable to her, do not as a matter of law rise to

5

the level of extreme or outrageous conduct. In *Hoffman-LaRoche*, the court emphasized that an intentional infliction of emotional distress claim does not arise from most employment disputes, but instead can exist in only the most unusual of circumstances. In that sexual harassment case, allegations and evidence of vulgar joke-telling, verbal abuse, unfair evaluations, and unfair and discriminatory job termination, did not, as a matter of law, rise to the level of extreme or outrageous conduct. 144 S.W.3d at 448–49; *see also Benners v. Blanks Color Imaging, Inc*., 133 S.W.3d 364, 373 (Tex.App.–Dallas 2004, no pet. h.) ("In the workplace, to properly manage its business, an employer must be able to supervise, review, criticize, demote, transfer and discipline employees. Although many of these acts are necessarily unpleasant for the employee, an employer must have latitude to exercise these rights in a permissible way, even though emotional distress results. Thus, a claim for intentional infliction of emotional distress does not lie for an ordinary employment dispute.") (internal citations omitted); *Walker v. Thompson*, 214 F.3d 615, 628 (5th Cir. 2000); *Foye v. Montes*, 9 S.W.3d 436, 440 (Tex. App–Houston [14th Dist.] 1999, pet. denied) ("Even conduct which may be illegal in an employment setting may not constitute the sort of behavior that constitutes 'extreme and outrageous' conduct.") (citing *Gearhart v. Eye Care Ctrs. of Am. Inc*., 888 F. Supp. 814, 819 (S.D. Tex. 1995)). Similarly, the allegations Swafford makes do not, as a matter of law, rise to the level of extreme and outrageous conduct.[2]

---

[2] This analysis does not trigger the *Smallwood II* problem. In *Smallwood*, the diverse defendant established that the nondiverse defendant was improperly joined by a showing that equally disposed of all

## III.     Conclusion

The motion to remand is denied.  Swafford's Texas-law claims against Turkus fail, as a matter of law.

SIGNED on November 16, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

claims against the nonresident defendant as well.  In such a case, there is no improper joinder, merely a meritless lawsuit.  In the present case, the showing necessary for improper joinder as to Turkus did not preclude recovery on all claims against the diverse defendant.